# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| LEANDROS COOPER, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § CIVIL ACTION NO. H-08-0085 |
| | § |
| WAL-MART TRANSPORTATION, LLC | § |
| and WAL-MART STORES, INC., | § |
| | § |
| Defendant. | § |

## ORDER

The plaintiff, Leandros Cooper, sued his former employer, Wal-Mart Transportation, LLC and Wal-Mart Stores, Inc. in Texas state court. Cooper alleged assault, race discrimination, and retaliation. On January 7, 2008, Wal-Mart timely removed to this court based on diversity jurisdiction under 28 U.S.C. § 1332. (Docket Entry No. 1).

On March 18, 2008, this court entered a scheduling order requiring, among other things, that Cooper designate expert witnesses by September 15, 2008. (Docket Entry No. 9). On March 26, 2008, Cooper disclosed Rakesh J. Desai, M.D. and Mark Bing, M.D. as fact witnesses. (Docket Entry No. 19, Ex. A). Dr. Bing had examined Cooper on April 27, 2007 and certified that he was physically qualified for work. Dr. Desai had examined Cooper on September 7, 2007 and found Cooper psychiatrically qualified for work. Wal-Mart terminated Cooper's employment on September 20, 2007. Wal-Mart asserts that Cooper was terminated for "integrity issues" because, among other things, he informed Dr. Desai that Wal-Mart had requested and would pay for a psychiatric exam, which was not true.

On January 12, 2009, Cooper moved for leave to designate Dr. Bing and Dr. Desai as expert witnesses. (Docket Entry No. 19). Cooper asserted that it had been unnecessary to designate Dr. Bing and Dr. Desai as expert witnesses before November 12, 2008, when Wal-Mart first took the litigation position that Cooper was not qualified, physically or psychiatrically, at the time of his termination. Wal-Mart opposed Cooper's motion, (Docket Entry No. 23), and alternatively moved for a continuance of the discovery and pretrial motions deadlines. (Docket Entry No. 20).

At a hearing held on January 28, 2009, this court granted Cooper's motion for leave to designate Dr. Bing and Dr. Desai as expert witnesses and granted Wal-Mart's motion for a continuance. (Docket Entry No. 26). This order clarifies what written report, if any, either Dr. Desai or Dr. Bing must provide and the scope of their opinion testimony.

An expert witness "retained or specially employed to provide expert testimony" is required to produce a written report. FED. R. CIV. P. 26(a)(2)(B). A treating physician, however, may be designated as an expert without having to provide an expert report under Rule 26(a)(2)(B). *See* FED. R. CIV. P. 26(a)(2) (Advisory Committee Note, 1993 amendments); *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 882 (5th Cir. 2004).

The Fifth Circuit has not specifically identified circumstances under which a treating physician may be required to provide a written report. However, district courts in this circuit agree that the treating-physician exception to the expert report requirement applies only when the treating physician's opinion testimony is based on personal knowledge obtained from examining and treating an individual. If the physician's opinion testimony is based on information learned outside the course of treatment, a written report is required. *See*, *e.g.*, *Lee v. Valdez*, 2008 WL 4287730, at *3 (N.D. Tex. Sep. 18, 2008) ("If the [treating physician's] testimony extends beyond [testimony based

on personal knowledge acquired during treatment], a written report is required."); *Boudreaux v. J.P. Morgan Chase & Co.*, 2007 WL 4162908, at *2 (E.D. La. Nov. 21, 2007) (holding that written report was not required for "treating physician whose testimony and opinions derive from information learned during actual treatment of the patient"); *Duke v. Lowe's Homes Ctrs., Inc.*, 2007 WL 3094894, at *1 (N.D. Miss. Oct.19, 2007) (concluding that without an expert report, the treating physician's testimony would be "limited to those facts and opinions contained in [the] medical records"); *Lowery v. Spa Crafters, Inc.*, 2004 WL 1824380, at *2 (W.D.Tex. Aug. 16, 2004) (the treating-physician exception is "limited to facts and circumstances developed during the care of the patient").

If Dr. Desai offers opinion testimony based on information learned outside his treatment of Cooper, he must provide a written report that meets the Rule 26(a)(2)(B) requirements. If Dr. Bing's opinion as to Cooper's physical qualification for work in September 2007 is based solely on his April 27, 2007 examination of Cooper, then no written report is required. If Dr. Bing will rely on information that he did not use in the April 2007 examination, such as more recent medical records, to express an opinion on Cooper's physical qualifications for work, he must provide a written report under Rule 26(a)(2)(B).

SIGNED on February 5, 2009, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge