IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEANDROS COOPER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-0085 |
| | § | |
| WAL-MART TRANSPORTATION, LLC | § | |
| and WAL-MART STORES, INC., | § | |
| | § | |
| Defendant. | § | |

**ORDER**

On January 21, 2010, this court declared a mistrial in this employment discrimination case. On February 18, 2010, Wal-Mart filed a renewed motion for judgment as a matter of law. (Docket Entry Nos. 71, 72). On March 1, 2010, counsel for Cooper filed an unopposed motion to extend the deadline for filing a response to April 9, 2010. (Docket Entry No. 73). This court granted the motion the same day. (Docket Entry No. 74). On March 2, 2010, counsel for Cooper filed a motion for leave to withdraw, stating that Cooper would no longer follow their advice and that he could not pay their reasonable attorney fees. (Docket Entry No. 75).

Attorneys normally are expected to work through the completion of a case. *In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989); *Dorsey v. Portfolio Equities, Inc.*, No. 3:04-CV-0472-B, 2008 WL 4414526, at *2; *Fed. Trade Comm'n. v. Intellipay, Inc.*, 828 F. Supp. 33, 33 (S.D. Tex. 1993); *Streetman v. Lynaugh*, 674 F.Supp. 229, 234 (E.D.Tex. 1987). An attorney of record may withdraw only by leave of court on a showing of good cause and reasonable notice to the clients. *Wynn*, 889 F.2d at 646; *Dorsey*, 2008 WL 4414526, at *2; *Intellipay*, 828 F. Supp. at 33; *Streetman*, 674 F.Supp. at 234. Whether leave is granted is a matter within the trial court's sound discretion. *Wynn*,

889 F.2d at 646. The record must generally reflect an appropriate basis for granting leave; unsubstantiated claims are insufficient. *Cf. Streetman*, 674 F.Supp. at 234.

The local rules for this district state that "no delay will be countenanced because of a change in counsel." S.D. TEX. LOCAL R. 83.2. Courts deciding whether to grant leave to withdraw often look to local rules for guidance. *See Barefoot v. Direct Mktg. Concepts, Inc.*, No. Civ.A.02-CV-09526, 2004 WL 3186307, at *1 (E.D.Pa. Oct. 13, 2004); *Honda Power Equip. Mfg., Inc. v. Woodhouse*, 219 F.R.D. 2, 6 (D.D.C. 2003); *Taylor v. Stewart*, 20 F. Supp. 2d 882, 883 (E.D. Pa. 1998). Courts often require attorneys to continue representing a litigant when the attorney's departure from the case would delay or disrupt the proceedings. *See Broughten v. Voss*, 634 F.2d 880, 882-83 (5th Cir. 1981) ("[I]t is incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel."); *Small v. Regalbuto*, No. 1:06-CV-1721, 2009 WL 1911827, at *2 (N.D. Ohio June 29, 2009) (denying defense counsel's motion to withdraw when the defendant had outstanding discovery obligations and had already substantially delayed discovery); *Taylor*, 20 F. Supp. 2d at 884 (denying defense counsel's motion to withdraw before meeting upcoming discovery deadlines); *Intellipay, Inc.*, 828 F. Supp. at 33 ("This court also finds that hardship would be imposed on the trial court, plaintiff, and defendants if counsel is permitted to withdraw approximately one month before trial.").

Because of the pending deadline in this case for Cooper to respond to Wal-Mart's motion for judgment as a matter of law, counsel's withdrawal at this point would undoubtedly cause extended delay. Counsel for Cooper must file a response to the motion for judgment as a matter of law by the April 9, 2010 deadline. Counsel for Cooper may refile their motion for leave to withdraw after the response is filed—at which point the risk of delay will be substantially

lessened—with an appropriate showing of good cause for withdrawal. *See Small*, 2009 WL 1911827, at *2 n. 1 (stating that the defendant may refile the motion to withdraw counsel after the outstanding discovery obligations have been met).

The motion for leave to withdraw is denied, without prejudice and with leave to refile.

SIGNED on March 3, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge